UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZIL HILTON LINO,<br><br>    Petitioner,<br><br>    v.<br><br>ELVIN VALENZUELA, Warden,<br><br>    Respondent. | NO. CV 13-8878-JFW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

    Petitioner was convicted in 2002. (Report at 1.) Petitioner's conviction became final on May 18, 2004. (*Id.* at 3.) Petitioner constructively filed a Petition for Writ of Habeas Corpus in this Court on November 1, 2013. (*Id.* at 2.) Absent tolling, the statute of limitations expired on May 18, 2005, over 8 years earlier. (*Id.* at 3.)

The Report found that Petitioner was not entitled to statutory tolling because he did not file his first collateral challenge to the conviction in California until 2007, after the expiration of the statute of limitations. (*Id.*) The Report also found that Petitioner was not entitled to equitable tolling. (*Id.* at 4-5.)

Petitioner argues that the Report failed to consider his request for a transfer to Belize, which "prevented him timely filing his federal habeas petition." (Objections at 1.) According to Petitioner, starting in 2005, he asked the California Board of Parole Hearings ("Board") "to serve the remainder of his California prison commitment in his home country" of Belize. (Response to Order to Show Cause (Dkt. No. 4) ("Response to OSC") at 2.)[1] After he filed a habeas petition in the Superior Court in 2007, he again requested transfer to Belize. (*Id.*) On July 4, 2010, Petitioner wrote the Board asking about the status of his request. (*Id.*, Ex. A.) He also wrote the California governor's office on July 10, 2009. (*Id.*) On October 14, 2010, the Board wrote Petitioner that his case was being "reviewed to determine if further investigation is warranted" and asked Petitioner for additional information. (*Id.*) On August 31, 2011, the Board denied Petitioner's request. (*Id.*, Ex. C.)

The essence of Petitioner's argument is that, to be eligible for transfer under the treaty between the United States and Belize, "Petitioner's judgment must be final and shall have no pending cases on the judgment or sentence." (*Id.* at 2.) Petitioner appears to be arguing that he could not challenge his conviction collaterally in California or in federal court if he wished to have his request for a transfer granted. In support of his contention, Petitioner cites to 15 Cal. Code Regs. § 4621.2, which lists several criteria that must be met for eligibility, one of which states that a foreign national must "[h]ave no pending appeals on the

---

[1] Petitioner attaches a letter from the Ministry of Foreign Affairs and Foreign Trade of Belize dated June 21, 2006, in which the Chief Executive Officer advised Petitioner that he must contact the Office of the Solicitor General. (Response to OSC, Ex. A.)

judgment or sentence." *Id.* at (a)(3). However, on its face, § 4621.2 appears in the Division of Juvenile Justice and refers to the "ward's country of citizenship." *Id.*[2]

Moreover, Petitioner's conduct belies his argument. Petitioner filed multiple habeas petitions in the Superior Court beginning on July 18, 2007, even though he had not been denied a transfer to Belize. (Report at 2.) In addition, he filed a habeas petition in the California Court of Appeal on June 10, 2010, also before the 2011 denial. (*Id.* at 2 n.2.) Finally, after the Board's denial on August 31, 2011, Petitioner did not file any state habeas petitions until July 17, 2013, which was denied on August 21, 2013. (*Id.* at 2.) Even assuming the statute began to run on August 31, 2011, when Petitioner's transfer request was denied, the Petition would still be untimely because the statute of limitations would have expired on August 31, 2012.

Petitioner's remaining objections are without merit.

IT IS ORDERED that judgment be entered denying the petition and dismissing this action with prejudice.

DATED: March 28, 2014

JOHN F. WALTER
United States District Judge

---

[2] The Court has been unable to find any California decision or decision in the Ninth Circuit, including district courts, that interpret the regulation.

3